UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



GABRIEL MITCHELL,

Plaintiff,

v.   ACTION NO. 2:12cv550

SGT. JUDAH,
DEPUTY FREEMAN, and
DEPUTY TONEY,

Defendants.

## DISMISSAL ORDER

Plaintiff, a Virginia inmate, brings this pro se action pursuant to 42 U.S.C. § 1983 to redress an alleged violation of Plaintiff's constitutional rights. In the Complaint, Plaintiff claims that his personal property was lost, the Jail sent some of his mail back to the senders, he did not receive two hot plates that were ordered by his girlfriend, the food is not up to Plaintiff's standards, sheets and towels are not laundered often enough, and medical says that because Plaintiff's support shoes were lost with his personal property, he will have to purchase another pair from the commissary. Plaintiff seeks "70.$" and payment for his lost property.

Pursuant to 28 U.S.C. § 1915A[1], the Court must engage in a preliminary screening of cases

---

[1] 1915A. Screening
(a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) Grounds for Dismissal. --On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss a complaint, or any portion of a complaint, if it is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Based upon careful consideration of Plaintiff's pleadings, the Court determines that dismissal of this action is appropriate under 28 U.S.C. § 1915A(b)(1). Section 1915A(b)(1) provides for the dismissal of a complaint that fails to state a claim upon which relief can be granted. In enacting 28 U.S.C. § 1915A, Congress appropriated the familiar standard of review applicable to motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's Complaint pursuant to the mandated screening process, therefore, the Court applies the same standard. The facts alleged by Plaintiff, though not the legal conclusions, must be taken as true. Loe v. Armistead, 582 F.2d 1291, 1292 (4th Cir. 1978); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A pro se complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and beyond the level that is merely conceivable. Id. at 545; Iqbal, 556 U.S. at 680.

A pro se complaint involving civil rights issues should be liberally construed. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a court is not required "to accept as true a

---

(c) Definition. -- As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

legal conclusion couched as a factual allegation," Papasan v. Allain, 478 U.S. 265, 286 (1986), or a legal conclusion unsupported by factual allegations. Iqbal, 556 U.S. at 681. Dismissal may be appropriate when a complaint contains a detailed description of underlying facts that fails to state a viable claim. Estelle v. Gamble, 429 U.S. 97, 106-09 (1976); Twombly, 550 U.S. at 558.

Plaintiff claims that when he left the Jail to go to court, he was told he had to send his property home. Nevertheless, Plaintiff wished to leave some of his property in case he returned to the Jail. Plaintiff did return to the Jail. However, his property could not be found. Deprivations of personal property that are random unauthorized acts of state officials do not offend due process if due process is satisfied by adequate post-deprivation state remedies. Parratt v. Taylor, 451 U.S. 527, 543 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986). Furthermore, failure of officials to take due care is not sufficient to rise to the level of a constitutional violation. Davidson v. Cannon, 474 U.S. 344, 347-48 (1986). 42 U.S.C. § 1983 was intended to vindicate federal rights, not tort claims for which there are adequate state law remedies. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (citing Tucker v. Duncan, 499 F.2d 963, 965 n.1 (4th Cir. 1974)). Plaintiff's Complaint sounds in tort, and does not rise to the level of a constitutional violation. The Virginia Tort Claims Act and Virginia tort law provide an adequate remedy for loss of Plaintiff's personal property. Wadhams v. Procunier, 772 F.2d 75, 77-78 (4th Cir. 1985).

Plaintiff has numerous other complaints that simply do not rise to a level of constitutional significance. Plaintiff's claims regarding his support shoes and hot plates ordered by his girlfriend are claims of property deprivation that do not amount to a constitutional violation. In addition, Plaintiff claims that on two occasions letters from his family containing photographs were returned to his family. Plaintiff claims that the reasons differed on each of the two occasions. However,

Plaintiff does not claim that the regulations that mandated the return of his mail are unreasonable. See Thornbugh v. Abbott, 490 U.S. 401, 409 (1989). Plaintiff alleges no injury as a result of his claims related to either food service or laundry.

Plaintiff also claims that a letter from his attorney was opened outside his presence. The negligent act of opening a prisoner's legal mail, on limited occasions, and depriving the prisoner of his right to be present when his legal mail is opened does not state a cognizable claim under § 1983, although it may demonstrate a violation of departmental operating procedures. Bryant v. Winston, 750 F. Supp. 733, 734 (E.D. Va. 1990); Oliver v. Powell, 250 F. Supp. 2d 593 (E.D. Va. 2002). Plaintiff does not allege that the opening of his legal mail impacted his right of access to the courts.

In conclusion, the Court **FINDS** that Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, this case is hereby **DISMISSED**. Plaintiff's motion to proceed *in forma pauperis* is **MOOT**. Therefore, the Court does not rule on Plaintiff's request to proceed *in forma pauperis*.

Moreover, 28 U.S.C. § 1915(g) prohibits a prisoner from bringing a civil action or appealing a judgment in a civil action under section 1915 if "the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical harm." Accordingly, the Court CAUTIONS Plaintiff that this action was dismissed by the Court for failure to state a claim upon which relief can be granted.

Plaintiff may appeal from this Dismissal Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk,

Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this Dismissal Order. If Plaintiff wishes to proceed *in forma pauperis* on appeal, the application to proceed *in forma pauperis* is to be submitted to the Clerk, United States Court of Appeals, Fourth Circuit, 1100 E. Main Street, Richmond, Virginia 23219.

The Clerk is **DIRECTED** to mail a copy of this Dismissal Order to Plaintiff.

**IT IS SO ORDERED.**

/s/
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
October 15, 2012